Danforth, J.
It is conceded that the case is difficult and extraordinary.
The plaintiff insists that no extra allowance can be made, no judgment having been entered, and that section 303 of the Code so far qualifies section 309 that no allowance or costs can be given except “ to the prevailing party upon the judgment,” and that under the order in this case, if the costs should not be paid in pursuance of it, the defendant is not entitled to judgment, but must treat the order as a nullity, and may proceed with the cause.
I think the plaintiff’s position is untenable. He virtually admits, by entering the order, that he cannot maintain his case. Under it the defendant is entitled to judgment and taxable costs, and a further allowance may be made to him.
The only question is whether ft may be made before judgment or not.
I think it may.
The order expressly states that the costs (meaning taxable costs) are not to be deemed payable until the determination of a motion by defendant for extra allowance.
The plaintiff obtained the order, and it amounts to a stipulation that defendant may move before judgment for an extra allowance.
*46 The provision in section 303 of the Code, that there may be allowed to the prevailing party upon the judgment, &c., means, I think, not that the recovery of judgment is a condition precedent of the allowance of costs, but that costs may be allowed to the prevailing party “to be included in the judgment.”
In section 308 it is provided that certain additional sums shall be allowed to the plaintiff upon the recovery of judgment by him, &c.
This phrase is entirely different from “ upon the judgment,” and makes the “ recovery of judgment” a condition of the allowances except the provision for • half rates in the last of the section.
In this case the defendant has prevailed. The plaintiff is estopped, by his order, from insisting that he has not.
Defendant is entitled to judgment (7 Abb. Pr. N. S., 41; 1 Burrill's Pr., 179).
If plaintiff ’ s interpretation of the order were correct, a plaintiff desiring to put' a cause over a circuit would have only to enter an order exparte to discontinue and offer to pay costs, and then, after the circuit, and on presentation by defendant of the taxed costs, decline to pay.
The defendant’s only course of further procedure, according to this theory, would be to notice for another circuit.
The taxable costs in this case will by no means compensate the defendant for drafting the answer and preparing for trial.
I think it is a case in which an extra allowance should be made.
Motion granted for two hundred and fifty dollars extra allowance to the defendant.
From the order entered on this decision the plaintiff *47 appealed to the court at general term, in the third department. The Court (present, Miller, P. J., and Potter and Dahiels, JJ.) affirmed the order.